Michael P. Howe City Attorney 12350 West 87th St. Parkway Lenexa, Kansas 66215-0888
Dear Mr. Howe:
As city attorney for the city of Lenexa, you request our opinion regarding records requests that the city receives under the Kansas open records act (KORA), K.S.A. 45-215 et seq. You inform us that the city has been requested to provide information from environmental businesses who are conducting environmental audits for businesses located in Lenexa, Kansas. A request from Geosystems Engineering, for example, states:
 "As part of our investigative procedure, we would like to draw upon the knowledge of the various regulatory agencies who may be able to supplement our assessment. We would appreciate the assistance of your Agency in investigating whether this site has been used, legally or illegally, as a repository for solid or hazardous waste disposal. Also, we would appreciate knowing if this land has ever been contaminated from previous usage, spills, runoff or other forms of hazardous waste migration, or, to the best of your knowledge, is being investigated by any regulatory agency for environmental reasons. Please provide some indication in your response that this property has been checked by all the appropriate divisions and branches of your Agency."
You state that you are willing to satisfy obligations under the KORA by providing access to or copies of public records upon request, however, you do not feel you must conduct an investigation by searching information in the city records for a private business. We essentially concur with your conclusion.
Public records shall be open for inspection by any person unless otherwise provided by law. K.S.A. 45-216. The term public record is defined as "any recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency." K.S.A. 1992 Supp. 45-217(f)(1). Under this definition, it is clear that a public agency is only required to make available to the public those records which it makes, maintains, keeps or possesses. The KORA imposes no duty on a public agency tocreate a record or to compile specific information requested by an individual. Attorney General Opinion No. 86-43 and 87-137.
Further, a public agency has no duty to investigate under the KORA whether certain property has been used as a repository for solid or hazardous waste disposal upon a request of private businesses. Any person may make abstracts or obtain copies of any public record to which such person has access under the KORA. K.S.A. 45-219(a). The city of Lenexa may make its records available for the requester so that the requester may go through the records to obtain necessary information for its investigation. If copies are requested, the city may require a written request and advance payment of the prescribed fee. K.S.A. 45-219(a). Fees for copies of records shall not exceed the actual cost of furnishing copies, including the cost of staff time required to make the information available, and fees for providing access to records maintained on computer facilities; the fees shall include only the cost of any computer services, including staff time required. K.S.A. 45-219.
We assume that your city has procedures to be followed in responding to record requests according to K.S.A. 45-220. If the procedures do not address situations such as this, then we strongly recommend that you adopt appropriate procedures to be followed by all requesters and the fees to be charged.
As we have stated in Attorney General Opinion No. 89-106, a public agency is not required to compile specific information requested by an individual. In case of computerized public information, it must be provided in the form requested if the city has the capability of producing that form. The city is not required to acquire or design a special program to produce information. However, the city has discretion to allow a requester to design or provide a computer program to obtain the information in the desired form. Attorney General Opinion No. 89-106.
Conversely, if the city is given sufficient information to discern what existing records contain the information sought by the requester, the city is obligated to provide access to and/or copies of such records under the KORA absent a pertinent closure provision.
In conclusion, the city is only required to make available to the public those records that it makes, maintains, keeps or possesses. The city is not required to prepare a report or conduct an investigation upon a request for information. The city may charge reasonable fees for providing access to or furnishing copies of public records pursuant to K.S.A. 45-219.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas